### J. L. Faubion v. The State.

No. 9553.    Delivered April 14, 1926.

**Forgery—Charge of Court—On Issue Not Raised—Properly Omitted.**

Where, on a trial for forgery, appellant complains of the failure of the court to instruct the jury that if he had good reasons to believe and did believe that he had authority to sign the instrument declared on as a forgery from the person whose name he signed thereto, and there is no evidence raising such issue, it was properly omitted from the court's charge.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for forgery, penalty three years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, Judge.—The offense is negligent homicide, and the is three years in the penitentiary.

The appellant complains at the court's action in refusing to instruct the jury to the effect that if appellant had good reason to believe, and did believe, that he had authority to sign the instrument declared on as a forgery from the person whose name he signed thereto, that he was then not guilty of forgery.

We have very carefully examined the testimony touching this matter and are not able to find therein any suggestion that would pertinently raise the issue which appellant sought to have presented. The name of H. O. Mahoney was signed to said note and Mahoney testified directly and positively as follows:

"I did not give this defendant, J. L. Faubion, permission to sign my name to that, or to use my name in any manner in connection with it in any respect whatever. My name is H. O. Mahoney. Never did the defendant, J. L. Faubion, ever tell me that he was going to use my name. Never did I have any notice that he was going to use my name until I got a telegram from Mr. Wilson, the banker down here at Hereford, after Christmas. I never deeded this land or any part of it to the defendant. I never gave J. L. Faubion permission to sign my name to any instrument, and I never gave him a deed to any land. * * * Never did I give any permission whatever to the defendant, J. L. Faubion, to borrow any money against this land. I never knew anything about it at all—I never heard of any such."

We have searched this record in vain for any testimony that would in any wise contradict the positive testimony of the alleged injured party as above set out.

We have carefully examined the other matters contained in the record and it is our opinion that no error is found therein. Believing that the defendant has been tried according to the forms prescribed by law, and that the evidence is entirely sufficient to support the verdict, the judgment is in all things affirmed.                                              *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.